**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES E. ANDERSON, Trustee on behalf of )
the PAINTERS' DISTRICT COUNCIL NO. 30 )
HEALTH AND WELFARE FUND )
 )
                Plaintiff, )
      v. )
 )
CORY DERGANCE and THE LAW OFFICES OF )
PETER FERRACUTI, P.C., )
 )
                Defendants. )
 )

```
FILED: MAY 02, 2008
08CV2522        TC
JUDGE ZAGEL
MAGISTRATE JUDGE DENLOW
```

**COMPLAINT**

**COUNT I**

1.       This is an action to enforce the terms of the Painters' District Council No. 30 Health and Welfare Plan (the "Plan"), which is administered by the Painters' District Council No. 30 Health and Welfare Fund (the "Fund") and for equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3).

**JURISDICTION AND VENUE**

2.       This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 1132(a)(3), 1132(e)(1).

3.       Venue is proper pursuant to 28 U.S.C. § 1132(e)(2).

4.       The Fund is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

5.       The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

6.       Plaintiff Charles E. Anderson is a fiduciary and Trustee of the Painters' District

Council No. 30 Health and Welfare Fund.

## FACTUAL ALLEGATIONS

7.      Defendant Cory Dergance was an "Eligible Individual" under the terms of the Plan.

8.      Defendant Dergance was injured at a Dollar General store on February 18, 2007, and sought to recover from Dollar General for those injuries.

9.      In connection with the injuries suffered by Defendant Dergance, the Fund, through the Plan, paid a total of $14,365.13 to or on behalf of Defendant Dergance, which includes $6,307.99 in medical benefits and $8057.14 in disability benefits.

10.     The Plan, under which Defendant Dergance received benefits, contains a right of subrogation and authorization of reimbursement provision that subjects any recovery from another source, i.e., Dollar General, to an equitable lien and constructive trust for the amount paid by the Fund and obligates Defendant Dergance to reimburse the Fund, through the Plan, for all expenses unreduced by attorney's fees, costs, or the common fund doctrine.

11.     On information and belief, Defendant Dergance, through his attorneys at Peter F. Ferracuti, P.C., recovered $30,000.00 from Dollar General.

12.     On information and belief, Defendant Ferracuti is holding some or all of the $30,000.00 recovered from Dollar General in its trust account.

13.     $14,365.13 of the $30,000.00 held in trust are particular funds clearly traceable to Defendant Dergance's recovery and the amounts paid by the Plan.

14.     To date, Defendants have refused to reimburse the Plan the $14,365.13 due.

## ENFORCEMENT OF THE TERMS OF THE PLAN

15.     Pursuant to 29 U.S.C. §1332(a)(3) and the terms of the Plan, Plaintiff seeks

equitable relief, including, but not limited to, constructive trust over $14,365.13 held by

Defendant Ferracuti, declaration of rights under the Plan, specific performance, and restitution

against Defendant to enforce ERISA and the terms of the Plan.

16.     By refusing to reimburse the Fund to the extent of the benefits paid out of the

amount he recovered, Defendant has violated the terms of the Plan.

17.     Since these acts violated the terms of the Plan, this Court should enter an order

requiring the Defendants to reimburse the Plan in the amount of $14,365.13.

**Wherefore**, Plaintiff requests that the Court enter an order granting:

a.  A constructive trust in favor of the Plan over the Defendants' recovery in the
    amount of $14,365.13,

b.  A declaratory judgment establishing the right of the Plan to full reimbursement,

c.  Specific performance of the Plan's terms,

d.  Restitution against the Defendants requiring them to relinquish $14,365.13 to the
    Fund,

e.  For any other relief to which Plaintiff is entitled, and

f.  For Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132
    (g)(1).

Respectfully Submitted,

/s/  M. Garrett Hohimer____
One of Plaintiff's attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603-6145
(312) 372-1646

3