## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 2522 |
| v. | ) ) | Judge Zagel |
| CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C., | ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff (the "Fund"), through its attorneys, moves the Court to enter a preliminary injunction in accordance with Fed. R. Civ. P. 65 (a) directing Defendants to preserve $14,365.13 of the $30,000.00 recovery currently held in Defendant Ferracuti's trust account. Plaintiff states in support of this motion:

1.      Defendant Dergance was an "Eligible Individual" under the health and welfare plan (the "Plan") administered by the Plaintiff. Defendant Dergance was injured on February 18, 2007. The Fund paid medical expenses on his behalf and made disability benefit payments to him. This coverage was provided by the Plan terms, to which Defendant Dergance agreed in order to receive benefits.

2.      The Plan's terms include a reimbursement and right of recovery provision, which entitles the Plan to recoup benefit payments made when an Eligible Individual recovers from a third-party. This provision specifically states that any recovery is subject to an equitable lien and constructive trust in favor of the Fund, that the Fund is entitled to full reimbursement unreduced by attorneys' fees, and that the Illinois common fund doctrine does not apply.

3.    Defendant Dergance, through his attorneys at the Law Offices of Peter Ferracuti, P.C., recovered $30,000.00 for his injuries from a third-party, Dollar General.

4.    Plaintiff seeks a preliminary injunction requiring Defendants to preserve $14,365.13 of the $30,000.00 recovered, which will maintain the status quo until this Court can determine the rights and obligations of the parties, and will prevent Defendants from placing the disputed funds beyond the reach of the Court, thereby potentially preventing the imposition of an equitable remedy, which is the only type of remedy available to Plaintiff under ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3).

5.    Plaintiff has filed a memorandum of law in support of this motion.

**Wherefore**, Plaintiff requests that the Court enter a preliminary injunction directing Defendants to preserve $14,365.13 now held in trust until this Court can adjudicate Plaintiff's claims on the merits. A draft Order is attached to this motion as Exhibit 1.

Respectfully Submitted,

/s/  M. Garrett Hohimer
One of Plaintiff's attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603-6145
(312) 372-1646

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2522 |
| v. | ) | |
| | ) | Judge Zagel |
| CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF PRELIMINARY INJUNCTION

This matter having come before the Court on Plaintiff's Motion for a Preliminary Injunction, and the Court having jurisdiction of the parties and the subject matter, and having been fully advised of the premises, the Court states as follows:

Plaintiff would be irreparably harmed if the Court did not enter this Order because Plaintiff is entitled to adjudication on the merits of its claims pertaining to ERISA and the enforcement of its Plan's terms. Plaintiff would be barred from that adjudication if the $14,365.13 in Defendant Ferracuti's account was not preserved. This Order is issued to ensure that the Plaintiff's access to the Court is not denied by the willful or inadvertent disbursement of the funds from Defendants' trust account. It is hereby ordered as follows:

1. That Defendants are directed to preserve $14,365.13 in their trust account until this Court adjudicates Plaintiff's claims on the merits and determines Plaintiff's entitlement to reimbursement and issues a final order of judgment in this case.

Date: _____        _____

UNITED STATES DISTRICT JUDGE