IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND<br><br>Plaintiff,<br><br>v.<br><br>CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C.,<br><br>Defendants. | Case No. 08 CV 2522<br><br>Judge Zagel |

## PLAINTIFFS' MOTION FOR DEFAULT AND DEFAULT JUDGMENT

Now come Plaintiffs, through counsel, and move the Court pursuant to Fed.R.Civ.P. ("Rule") 55 for an order directing the Clerk of the Court to enter Defendants' default and a default judgment jointly and severally against Defendants Cory Dergance ("Dergance") and The Law Offices of Peter Ferracuti, P.C. ("Ferracuti"). In support of this Motion, Plaintiffs state as follows:

1. Pursuant to 29 U.S.C. §1332(a)(3) and the terms of the Plaintiffs' Health and Welfare Plan ("Plan"), Plaintiffs seek equitable relief, including, but not limited to, constructive trust over $14,365.13 held by Defendant Ferracuti, declaration of rights under the Plan, specific performance, and restitution against Defendant to enforce ERISA and the terms of the Plan.

2. Plaintiffs filed this action on May 2, 2008 and Defendants were personally served at the Law Office of Peter Ferracuti, P.C. on May 23, 2008.

3. More than twenty (20) days have passed since Defendants were served, and neither has not filed an appearance, an answer or otherwise pleaded to the Complaint.

4. Plaintiffs are entitled to reimbursement of $14,365.13 paid on behalf of Dergance, over which Plaintiffs assert a constructive trust and equitable lien.

5. In pursuit of this equitable relief, Plaintiffs have incurred expenses totaling $7,633.22, which includes $6,920.00 in attorneys' fees and $713.22 in filing, service of process, and other costs. (See Declaration of M. Garrett Hohimer attached as Exhibit 1).

6. Plaintiffs respectfully request the addition of reasonable attorneys' fees and costs to the default judgment pursuant to 29 U.S.C. §1132 (g)(1).

**WHEREFORE,** Plaintiffs request that the Court direct the Clerk of the District Court to enter a default and default judgment in Plaintiffs' favor and jointly and severally against Defendants in conformity with the complaint, this motion, and the attached declaration. A draft order is attached as Exhibit 2.

Respectfully submitted,

/s/ M. Garrett Hohimer
One of Plaintiffs' Attorneys


Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 372-1646

2

## CERTIFICATE OF SERVICE

I certify that on June 23, 2008, I electronically filed the foregoing MOTION FOR DEFAULT AND DEFAULT JUDGMENT with the Clerk of the court using the CM/ECF system; however, there are no attorneys of record who will be sent electronic notification of such filing.

I certify that on June 23, 2008, I caused a copy of the attached MOTION FOR DEFAULT AND DEFAULT JUDGMENT to be sent by prepaid overnight delivery service, to:

Cory Dergance
C/O Julie Ajster, Attorney
The Law Offices of Peter F. Ferracuti, P.C.
110 East Main Street
Ottawa, IL 61350
815-223-4195
815-434-4513
jajster@peterferracuti.com


The Law Offices of Peter F. Ferracuti, P.C.
110 East Main Street
Ottawa, IL 61350
815-434-4513
815-434-2796
pferracuti@peterferracuti.com

/s/ M. Garrett Hohimer

3

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES E. ANDERSON, Trustee on behalf of )
the PAINTERS' DISTRICT COUNCIL NO. 30 )
HEALTH AND WELFARE FUND )
                                                              ) Case No. 08 CV 2522
              Plaintiff, )
v.                                            ) Judge Zagel
                                                         )
CORY DERGANCE and THE LAW OFFICES OF )
PETER FERRACUTI, P.C., )
              Defendants. )

State of Illinois    )
                        ) SS:
County of Cook    )

### DECLARATION OF MARK GARRETT HOHIMER

I, Mark Garrett Hohimer, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. I am an attorney and have been an associate with the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez ("JBOSH") since June 1, 2007. I received my Juris Doctorate degree from the University of Notre Dame Law School in 2006. I am licensed to practice law in Illinois (2007), and the Northern and Central Districts of Illinois (2007). I concentrate in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions. I have personal knowledge of the facts set forth in this declaration and am competent to testify if necessary.

2. Marisel A. Hernandez is an attorney and a partner in the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez. She received her Juris Doctorate degree from New York University School of Law in 1982. She is licensed to practice in Illinois (1985), New York (1983), and New Jersey (1983), in the Northern District of Illinois (1989), the Southern District

1

of New York (1984), and the United States Court of Appeals for the Seventh Circuit (1997). She concentrates in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions.

3. I have reviewed my firm's billing records on this matter and have determined that all of the work in connection with this case has been performed by Marisel A. Hernandez and me.

4. My firm has spent a total of 27.2 billable hours on this matter. Marisel A. Hernandez has spent 1.2 billable hours on this matter, and I have spent a total of 26 billable hours on this matter. A reasonable and customary billing rate for the services performed by Marisel Hernandez is $350.00 per hour, and a reasonable and customary billing rate my services is $250.00 per hour. At these rates, attorneys' fees total $6,920.00.

7. Plaintiffs have also incurred costs totaling $713.22 in connection with this matter. These costs include $350.00 in filing fees, a $60.00 fee incurred for service of process, and 303.22 for legal research.

8. The above fees and costs, totaling $7,633.22, were all necessary and are reasonable in amount.

Executed on June 20, 2008.

M. Garrett Hohimer

Subscribed and sworn to before me
this 20th day of June, 2008.

_____
NOTARY PUBLIC

MIRIAM H. RIOS
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 26, 2011

2

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND,<br><br>            Plaintiff,<br>v.<br><br>CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C.,<br><br>            Defendants. | Case No. 08 CV 2522<br><br>Judge Zagel |

## ORDER

This matter having come before the Court on Plaintiffs' Motion for Default and Default Judgment, and the Court having jurisdiction of the parties and the subject matter, and having been fully advised of the premises, and that Defendant has been properly served with process but failed to appear, answer, or otherwise defend this cause in any way, it is hereby ordered as follows:

1. That Plaintiffs' Motion is granted and that Defendant is in default;

2. That a judgment be entered in favor of Plaintiff Charles E. Anderson, Trustee, on behalf of the Painters' District Council No. 30 Health and Welfare Fund;

3. That Plaintiffs are entitled to full reimbursement of the amount paid on behalf of Defendant Cory Dergance, $14,365.13;

4. That Plaintiffs are entitled to reasonable attorneys' fees and costs in the amount of $7,633.22;

5. That Defendants Cory Dergance and The Law Office of Peter Ferracuti, P.C. are jointly and severally liable for the total amount of $21,998.35, which includes $14,365.13 in res-

titution for the amounts paid on behalf of Cory Dergance and reasonable attorneys' fees and costs of $7,633.22;

6. That Plaintiffs are awarded execution for the collection of the judgment, fees and costs granted; and

7. That the Court retains jurisdiction of this cause to enforce this Order.


ENTERED: _____         _____
                                          UNITED STATES DISTRICT JUDGE