**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND )))) | |
| Plaintiffs, ) | Case No. 08 CV 2522 |
| v. ) | Judge Zagel |
| CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C., ))) | |
| Defendants. )) | |

<u>**PLAINTIFFS' MOTION FOR DEFAULT AND DEFAULT JUDGMENT**</u>

Now come Plaintiffs, through counsel, and move the Court pursuant to Fed.R.Civ.P. ("Rule") 55 for an order directing the Clerk of the Court to enter Defendants' default and a default judgment against Defendant The Law Offices of Peter Ferracuti, P.C. ("Ferracuti"). In support of this Motion, Plaintiffs state as follows:

1.      Pursuant to 29 U.S.C. §1332(a)(3) and the terms of the Plaintiffs' Health and Welfare Plan ("Plan"), Plaintiffs seek equitable relief, including, but not limited to, constructive trust over $14,365.13 held by Defendant Ferracuti, declaration of rights under the Plan, specific performance, and restitution against Defendant Ferracuti to enforce ERISA and the terms of the Plan.

2.      Plaintiffs filed this action on May 2, 2008 and Defendant Ferracuti was personally served at the Law Office of Peter Ferracuti, P.C. on May 23, 2008.

3.      More than eight (8) weeks have passed since Defendant Ferracuti was served, and Defendant Ferracuti has not filed an appearance, an answer or otherwise pleaded to the Complaint.

4.      Additionally, more than another twenty (20) days have passed since Defendant Ferracuti, through one of its attorneys, Julie Ajster, appeared in open Court on July 1, 2008, and represented that it would file appearances and an answer or other responsive pleading.[1]

5.      At the July 1, 2008 hearing, Defendant Ferracuti alleged that it was only a party to this action because of its possession of the recovered funds in its trust account, but Plaintiffs assert that Ferrucuti is a material Defendant to this claim.   Defendant Ferracuti's actions, misrepresentations, and dilatory tactics were principally in its own self-interest as an effort to reduce the amount of the Fund's lien and correspondingly increase its own attorneys' fees from the $30,000 settlement from the Dollar General.

6.      Defendant Ferracuti's self-interest, and not the interest of its client, Cory Dergance, has forced the Fund to incur attorneys' fees in pursuit of reimbursement and as such Defendant Dergance should not be forced to bear the weight of the Fund's expenses alone.

7.      At the July 1, 2008 hearing, Defendant Ferracuti, through Julie Ajster, claimed not to be representing Defendant Dergance regarding this action because of the possible conflict of interest, but continues to represent to the Fund that he is her "client" and make settlement offers on his behalf; (Ex. 2 – Post-hearing correspondence from Julie Ajster referring to Defendant Ferracuti as her "client" and representing him in settlement).   By continuing to represent Defendant Dergance, Defendant Ferracuti is abusing the relationship between it and Defendant Dergance to the ultimate detriment of Defendant Dergance.   Attorney Ajster's actions subsequent to the July 1, 2008 hearing have confounded the resolution of this issue and have resulted in additional attorneys' fees incurred by the Fund.

---

[1] A transcript of the July 1, 2008 hearing before this Court has been ordered by Plaintiffs' attorneys, who were informed of the Court's trial schedule and the time restrictions on transcript processing.

8.     Defendant Ferracuti's letters to the Fund prior to the filing of this lawsuit reflect the clear self-interest of her firm and a blatant disregard for both the interest of her client and the unequivocal entitlement of the Fund to the full reimbursement amount. The letters are a baseless effort to reduce the Fund's lien in order to bolster her own attorneys' fees. (Ex. 3)

9.     Defendant Ferracuti, both in Court on July 1, 2008, and repeatedly in correspondence, has asserted that the difficulty of legal recovery in the underlying settlement, where no lawsuit was even filed, should require that the Fund reduce its lien. This is a specious and irrelevant argument. Pursuant to the Plan, the Fund is entitled to full reimbursement for the payments it made to or on behalf of Defendant Dergance if he recovers such amount from a third-party, regardless of the difficulties of settlement or proving liability.

10.     Plaintiffs are entitled to reimbursement of $14,365.13 paid on behalf of Dergance, over which Plaintiffs assert a constructive trust and equitable lien.

11.     In pursuit of this equitable relief and largely as a result of Defendant Ferracuti's actions, Plaintiffs have incurred expenses totaling $11,583.22, which includes $10,870.00 in attorneys' fees and $713.22 in filing, service of process, and other costs. (See Declaration of M. Garrett Hohimer, attached as Exhibit 1).

12.     Plaintiffs respectfully request the addition of reasonable attorneys' fees and costs to the default judgment pursuant to 29 U.S.C. §1132 (g)(1).

13.     Plaintiffs also request leave to continue this action against Defendant Dergance and consolidate any judgment against him with this default and default judgment so as to make both Defendants jointly and severally liable for all amounts entered in judgment against them.

**WHEREFORE,** Plaintiffs request that the Court find, pursuant to Rule 54(b), that there is no reason to delay final judgment as to Defendant Ferracuti and direct the Clerk of the District

3

Court to enter a default and default judgment in Plaintiffs' favor and against Defendant Ferracuti with leave to continue against Defendant Dergance for joint and several liability, and in conformity with the complaint, this motion, and the attached declaration.   A draft order is attached hereto as Exhibit 4.

Respectfully submitted,


/s/  M. Garrett Hohimer
One of Plaintiffs' Attorneys


Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

I certify that on July 23, 2008, I electronically filed the foregoing  MOTION FOR DEFAULT AND DEFAULT JUDGMENT with the Clerk of the court using the CM/ECF system; however, there are no attorneys of record who will be sent electronic notification of such filing.

I certify that on July 23, 2008, I caused a copy of the attached MOTION FOR DEFAULT AND DEFAULT JUDGMENT to be sent by prepaid overnight delivery service, to:

Cory Dergance
145 9th Street
LaSalle, IL 61301

The Law Offices of Peter F. Ferracuti, P.C.
110 East Main Street
Ottawa, IL 61350

/s/  M. Garrett Hohimer

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND | ) ) ) | |
| | ) | Case No. 08 CV 2522 |
| Plaintiff, | ) ) | |
| v. | ) | Judge Zagel |
| | ) | |
| CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| State of Illinois | ) |
| | ) SS: |
| County of Cook | ) |

## DECLARATION OF MARK GARRETT HOHIMER

I, Mark Garrett Hohimer, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. I am an attorney and have been an associate with the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez ("JBOSH") since June 1, 2007. I received my Juris Doctorate degree from the University of Notre Dame Law School in 2006. I am licensed to practice law in Illinois (2007), and the Northern and Central Districts of Illinois (2007). I concentrate in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions. I have personal knowledge of the facts set forth in this declaration and am competent to testify if necessary.

2. Marisel A. Hernandez is an attorney and a partner in the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez. She received her Juris Doctorate degree from New York University School of Law in 1982. She is licensed to practice in Illinois (1985), New York (1983), and New Jersey (1983), in the Northern District of Illinois (1989), the Southern District

1

of New York (1984), and the United States Court of Appeals for the Seventh Circuit (1997).  She concentrates in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions.

3.    I have reviewed my firm's billing records on this matter and have determined that all of the work in connection with this case has been performed by Marisel A. Hernandez and me.

4.    My firm has spent a total of 42.8 billable hours on this matter.  Marisel A. Hernandez has spent 1.7 billable hours on this matter, and I have spent a total of 41.1 billable hours on this matter.   A reasonable and customary billing rate for the services performed by Marisel Hernandez is $350.00 per hour, and a reasonable and customary billing rate my services is $250.00 per hour.  At these rates, attorneys' fees total $10,870.00.

7.   Plaintiffs have also incurred costs totaling $713.22 in connection with this matter.  These costs include $350.00 in filing fees, a $60.00 fee incurred for service of process, and 303.22 for legal research.

8.   The above fees and costs, totaling $11,583.22, were all necessary and are reasonable in amount.

Executed on July 23, 2008.

_____
M. Garrett Hohimer

Subscribed and sworn to before me
this 23 day of ⎯⎯July⎯⎯, 2008.

_____
NOTARY PUBLIC

MIRIAM H. RIOS
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 26, 2011

2

# Exhibit 2

# Garrett Hohimer

**From:**    Julie L. Ajster [jajster@peterferracuti.com]
**Sent:**    Tuesday, July 15, 2008 3:33 PM
**To:**    Garrett Hohimer
**Subject:** Re: Dergance Settlement

Garrett:

I received your letter and again I spoke with my client and I am willing to send you the money immediately but I cannot agree to you reserving your right to seek attorneys fees and costs. You state that you will ask the Judge to make my office pay your fees and costs but under so circumstance can I or my office be responsible for that. I was trying to resolve the lien with you and you without notice filed suit. You immediately had a retraining order entered so even then I could not have distributed the money to your client. As the Judge stated my office is not really a defendant but only a necessary party only because my office is holding the money in trust. As for Mr. Dergance, he is currently not working and has discussed his current financial situation with me and if you are going to pursue fees and costs against him then he will most likely have to file bankruptcy and if you are going to force him into bankruptcy then I am not going to give you the money sitting in my trust. If you do not agree to accept the money which is being held in trust there is nothing more I can do. However, be aware that if you pursue the cause against Dr. Dergance and get a judgment he will file bankrupcty and the moeny I am holding in trust will then fall under the jurisdiction of the bankrucptcy trustee and the Fund can get in line with all the other creditors.

I would like to have this matter resolved as soon as possible. Once again I and Mr. Dergance are willing to send you the money I am holding in trust in exchange for the Fund dismissing the cause with prejudice and the Fund agreeing not to seek fees and costs. All that you are doing right now is incurring more expenses and more fees. If you would like to discuss this matter, please call me at 815-434-3535.

Thank you.
Julie

> ----- Original Message -----
> **From:** Garrett Hohimer
> **To:** Julie L. Ajster
> **Sent:** Tuesday, July 15, 2008 11:54 AM
> **Subject:** RE: Dergance Settlement
>
> Julie,
>
> As a courtesy, I've attached a copy of the letter I just faxed to your offices.
>
> Garrett
>
> ---
>
> **From:** Julie L. Ajster [mailto:jajster@peterferracuti.com]
> **Sent:** Thursday, July 10, 2008 2:32 PM
> **To:** Garrett Hohimer
> **Subject:** Re: Dergance Settlement
>
> I spoke with my client and he has agreed to reimburse the fund the original $14,365.13.
>
> > ----- Original Message -----
> > **From:** Garrett Hohimer
> > **To:** Julie L. Ajster
> > **Sent:** Monday, July 07, 2008 4:28 PM
> > **Subject:** RE: Dergance Settlement

7/22/2008

Julie,

Has Dergance absolutely agreed to this amount? You were still trying to get a hold of him last week.

Garrett

---

**From:** Julie L. Ajster [mailto:jajster@peterferracuti.com]
**Sent:** Monday, July 07, 2008 3:55 PM
**To:** Garrett Hohimer
**Subject:** Re: Dergance Settlement

I am holding the amount of the original lien in trust. If you want that to resolve this matter that is fine but other than that amount my office has no obligation for attorneys fees or costs. In this litigation we are only a party by the fact that we are holding the money in our trust account. If your client wants to pursue attorneys fees and costs then they will have to get them from Mr. Dergance and he does not have the money. Please let me know if the fund is willing to accept the original lien amount of $14,365.13.

----- Original Message -----
**From:** Garrett Hohimer
**To:** jajster@peterferracuti.com ; jajster@ferracutilaw.com
**Sent:** Monday, July 07, 2008 10:09 AM
**Subject:** Dergance Settlement

Julie,

I spoke with the Fund Trustees and Administrator about your settlement offer of $14,365.13. This was the amount they proposed from the beginning; actually it is slightly less than the full amount due because of a clerical error in the complaint. In any event, the litigation of this matter was entirely unnecessary from the beginning and the Fund counter-offers that the amount of $14,365.13 plus half of the attorney's fees listed in the motion for default should be paid by Defendants to settle this matter. The total settlement amount proposed by the Fund is $18,181.74.

Regards,

Garrett

p.s. As a courtesy, I will fax copies of this email to your Ottawa and Peru offices this afternoon if I do not hear from you before.

M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603-6145
312.327.3461
312.580.7175 Fax

---

NOTICE: READ THIS STATEMENT BEFORE READING THE CONTENTS OF THIS COMMUNICATION.

This transmission is intended by the sender and proper recipient(s) to be confidential, and for the exclusive use of the proper recipient(s). This transmission may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message and/or any attachments is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number ABOVE and delete this e-mail and destroy any and all copies of the e-mail and/or its attachments from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

No virus found in this incoming message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.4.6/1538 - Release Date: 7/7/2008 7:40 AM

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

No virus found in this incoming message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.4.6/1538 - Release Date: 7/7/2008 7:40 AM

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

No virus found in this incoming message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.4.11/1553 - Release Date: 7/15/2008 5:48 AM

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

## Garrett Hohimer

**From:** Julie L. Ajster [jajster@peterferracuti.com]
**Sent:** Wednesday, July 16, 2008 3:36 PM
**To:** Garrett Hohimer
**Subject:** Fund v. Dergance

July 16, 2008

Dear Garrett:

Mr. Dergance informed me that he was served with a copy of the complaint. If your client refuses to accept the money I am holding in trust then I am going to file my appearance on behalf of my office and file an action for interpleader to deposit the funds with the Court and a motion to dismiss as to my office being a defendant. I do not believe that the Law Office of Peter F. Ferracuti should ever have been named an actual Defendant in this matter and as the Judge stated we are not a Defendant but a necessary party because we were holding the money in trust. If my office is dismissed out as a party I am going to request that we be awarded attorneys fees and costs. I believe that you and I have both spent too much time and money over this lien issue and I would like it resolved.

Please advise as to how you want to proceed.


Julie L. Ajster
Associate, Law Offices of Peter F. Ferracuti
Phone - (815) 434 - 3535
FAX - (815) 434 - 4513
peterferracuti.com

NOTICE: This communication is covered by the Electronic Communications Privacy Act, found at 18 USC 2510 et seq and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

---

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

---

7/22/2008

LAW OFFICES OF

PETER F. FERRACUTI, P.C.

PETER F. FERRACUTI
pferracuti@peterferracuti.com

NIGEL S. SMITH
nsmith@peterferracuti.com

JENNIFER L. KIESEWETTER
jkiesewetter@peterferracuti.com

JULIE L. AJSTER
jajster@peterferracuti.com

THOMAS M. STROW
tstrow@peterferracuti.com

JANE M. RYAN
jryan@peterferracuti.com

110 EAST MAIN STREET
OTTAWA, ILLINOIS 61350
1-888-488-4LAW



FOX RIVER CENTER

FAX: P.I. Dept. 1-815-434-4513
W.C. Dept. 1-815-434-2796
www.peterferracuti.com

OFFICES:
P.O. BOX 859
OTTAWA, ILLINOIS 61350
TEL: 1-815-434-3535

904 SHOOTING PARK ROAD
PERU, ILLINOIS 61354
TEL: 1-815-223-4180

July 15, 2008

**Sent via fax (312) 580-7175**
Mr. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave.
Suite 1720
Chicago, IL 60603

RE:     Painters Health and Welfare Fund vs Cory Dergance
08 CV 2522

Dear Mr. Hohimer:

I am in receipt of your letter wherein you refuse to accept the $14,365.13 I am currently holding in trust. Please be advised that my office is only holding $14,365.13 in trust and that the remaining settlement proceeds were distributed prior to your filing suit. My office was named as a party to the lawsuit but as the Judge clearly stated when we were before him on July 1, 2008 my office is not a true defendant and only a necessary party because my office is holding the money in trust. I advised you that Mr. Dergance is willing to send you the $14,365.13 for the lien, yet you refuse to accept that amount and insist that my client in some way is responsible for your attorneys fees and costs. I do not believe that you are entitled to attorneys fees and at this point I believe all you are doing is running up your billable hours that you will expect the Fund to pay. I can forward the Fund a draft in the amount of $14,365.13 within 24 hours if they are willing to accept that amount in exchange for a complete dismissal with prejudice. Please talk to your client and let me know.

Very truly yours,

Julie L. Ajster

cc: Charles Anderson (630) 513-9503

# Exhibit 3

LAW OFFICES OF

PETER F. FERRACUTI
NIGEL S. SMITH
JENNIFER L. KIESEWETTER
JULIE L. AJSTER
THOMAS M. STROW

# PETER F. FERRACUTI, P.C.
110 EAST MAIN STREET
OTTAWA, ILLINOIS 61350



FOX RIVER CENTER

FAX: P.I. Dept. 1-815-434-2796
W.C. Dept. 1-815-434-4513
Email: attorneypeterfferracuti@msn.com

OFFICES:
P.O. BOX 859
OTTAWA, ILLINOIS 61350
TEL: 1-815-434-3535

904 SHOOTING PARK ROAD
PERU, ILLINOIS 61354
TEL: 1-815-223-4180

119 CHURCH STREET
OGLESBY, ILLINOIS 61348
TEL: 1-815-883-8615

PLEASE REFER
TO OUR FILE # _____

February 25, 2008

Attn: Mary
Painter District Council #30
Health and Welfare Fund
1905 Sequoia Dr.
Suite 203
Aurora, IL 60506

        RE:    Cory Dergance
               DOA: 02/18/07

Dear Mary:

        I am in receipt of the Painter's Health and Welfare Fund's lien in the amount of $14,365.13 which reflects $6,307.99 for medical payments and $8,057.14 for disability benefits. My office represents Cory Dergance for a personal injury claim against Dollar General Stores. Cory sustained an injury to his right hand when the lid he was placing on a Dollar General jar broke cutting his right hand. Cory underwent surgery to correct the nerve damage to his right hand. In an endeavor to be cured of his injuries he was off work for several months and incurred medical expenses of $17,604.45. A settlement had been reached with Dollar General for $30,000.00. Since the beginning Dollar General has strongly argued that the jar was not defected and that Cory's injuries were the result of his own negligence. Given the issue of liability we were forced to accept their offer of settlement. Said settlement reflects medical expenses plus $12,000.00 for pain and suffering.
        Under the circumstances we are respectfully requesting that the Painter's Health and Welfare Fund accept $4,205.00 in full satisfaction of their lien. Said amount reflects 2/3 of the amount of the Medical payments made on behalf of your member Cory Dergance.
        If you are will to accept $4,205.00 in full satisfaction of your lien please sign below indicating said agreement. If you need any additional information or would like to discuss this matter, please call.
        Thank you for your time and consideration.

                                        Very truly yours,

                                        Julie L. Ajster

Agreed to: _____
        Painter's Health and Welfare Fund # 30

LAW OFFICES OF

# PETER F. FERRACUTI, P.C.
110 EAST MAIN STREET
OTTAWA, ILLINOIS 61350

PETER F. FERRACUTI
NIGEL S. SMITH
JENNIFER L. KIESEWETTER
JULIE L. AJSTER
THOMAS M. STROW



FOX RIVER CENTER

FAX: P.I. Dept. 1-815-434-2796
W.C. Dept. 1-815-434-4513
Email: attorneypeterfferracuti@msn.com

OFFICES:
P.O. BOX 859
OTTAWA, ILLINOIS 61350
TEL: 1-815-434-3535

904 SHOOTING PARK ROAD
PERU, ILLINOIS 61354
TEL: 1-815-223-4180

119 CHURCH STREET
OGLESBY, ILLINOIS 61348
TEL: 1-815-883-8615

PI FASE REFER
TO OUR FILE #

April 25, 2008

Mr. Joe Burns
122 S. Michigan Ave.
Suite 1720
Chicago, IL 60603

RE:    Painters Health and Welfare Fund
Cory Dergance

Dear Mr. Burns:

This is a follow up to our conversation regarding the board's refusal to accept our proposal to have the welfare fund accept a reduced amount to resolve the issue of the fund asserting a right of repayment although Mr. Dergance did not sign a repayment agreement. Mr. Dergance's claim against Dollar General was that he attempted to place a lid on a glass candy jar and the lid broke and cut his hand. As an attorney, you know that these facts are not very strong for making a case for negligence or products liability against Dollar General. If I had proceeded to litigation with the facts I had a jury surely would have found in favor of Dollar General. Mr. Dergance's case was settled on a disputed basis and was a compromised settlement. If liability was clear the value of Mr. Dergance's case would have been three times what it was actually settled for. Without admitting that the fund is entitled to any repayment for the disability payments to Mr. Dergance or the medical expenses, we are willing to pay $6,602.29 to resolve the fund's claim to repayment. Said amount reflects the medical payments made on Mr. Dergance's behalf. If the fund is not willing to accept this offer then I have been instructed to litigate the issue.

I look forward to hearing from you.

Very truly yours,

Julie L. Ajster

LAW OFFICES OF

PETER F. FERRACUTI
pferracuti@peterferracuti.com

NIGEL S. SMITH
nsmith@peterferracuti.com

JENNIFER L. KIESEWETTER
jkiesewetter@peterferracuti.com

JULIE L. AJSTER
jajster@peterferracuti.com

THOMAS M. STROW
tstrow@peterferracuti.com

JANE M. RYAN
jryan@peterferracuti.com

# PETER F. FERRACUTI, P.C.

110 EAST MAIN STREET

OTTAWA, ILLINOIS 61350

1-888-488-4LAW



FOX RIVER CENTER

FAX: P.I. Dept. 1-815-434-4513
W.C. Dept. 1-815-434-2796

www.peterferracuti.com

OFFICES:
P.O. BOX 859
OTTAWA, ILLINOIS 61350
TEL: 1-815-434-3535

904 SHOOTING PARK ROAD
PERU, ILLINOIS 61354
TEL: 1-815-223-4180

May 8, 2008

**Sent via fax (312) 580-7175**
Mr. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave.
Suite 1720
Chicago, IL 60603

RE:     Painters Health and Welfare Fund
        Cory Dergance

Dear Mr. Hohimer:

I have read the provisions of the Plan addressing the Plan's right of subrogation. Although it appears that the Plan has a right of subrogation and the Plan states that the common fund doctrine does not apply. I am familiar with the law regarding ERISA preempting the Illinois common fund doctrine and if you file in Federal Court I will file in the Circuit Court of LaSalle County because as the attorney who created the fund I am entitled to attorneys fees under Illinois State Law. I believe that your client is being extremely unreasonable. In this case, Mr. Dergance's claim was worth four times what it settled for had liability been clear but his claim has serious liability issues, therefore, we settled the claim for nuisance value. Your client never put Mr. Dergance on notice that the Plan was seeking reimbursement and they never had Mr. Dergance sign the repayment agreement. I believe the best solution would be for the Plan to reduce its lien 1/3 for the common fund and save you and I a lot of time litigating this matter.

I look forward to hearing from you.

Very truly yours,

Julie L. Ajster

# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHARLES E. ANDERSON, Trustee on behalf of   )
the PAINTERS' DISTRICT COUNCIL NO. 30   )
HEALTH AND WELFARE FUND   )
  )    Case No. 08 CV 2522
                  Plaintiff,   )
         v.   )    Judge Zagel
  )
CORY DERGANCE and THE LAW OFFICES OF   )
PETER FERRACUTI, P.C.,   )
  )
               Defendants.   )
  )

## ORDER

This matter having come before the Court on Plaintiffs' Motion for Default and Default Judgment, and the Court having jurisdiction of the parties and the subject matter, and having been fully advised of the premises, and that Defendant has been properly served with process but failed to appear, answer, or otherwise defend this cause in any way, the Court finds that there is no reason to delay final judgment against Defendant The Law Offices of Peter Ferracuti, P.C., and it is hereby ordered as follows:

1. That Plaintiffs' Motion is granted and that Defendant is in default;

2. That a judgment be entered in favor of Plaintiff Charles E. Anderson, Trustee, on behalf of the Painters' District Council No. 30 Health and Welfare Fund;

3. That Plaintiffs are entitled to full reimbursement of the amount paid on behalf of Defendant Cory Dergance, $14,365.13;

4. That Plaintiffs are entitled to reasonable attorneys' fees and costs in the amount of $11,583.22;

5. That Defendant The Law Office of Peter Ferracuti, P.C. is liable for the total amount of $25,948.35, which includes $14,365.13 in restitution for the amounts paid on behalf of Cory Dergance and reasonable attorneys' fees and costs of $11,583.22;

6. That Plaintiffs are awarded execution for the collection of the judgment, fees and costs granted;

7. That the Court retains jurisdiction of this cause to enforce this Order;

8. That this is a final judgment as to Defendant The Law Offices of Peter Ferracuti, P.C.; and

9. That Plaintiffs are granted leave to continue this action against Defendant Dergance and consolidate any judgment against him with this default and default judgment so as to make both Defendants jointly and severally liable for all amounts entered in judgment against them.

ENTERED: _____          _____

                                          UNITED STATES DISTRICT JUDGE

2