**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES ANDERSON, Trustee on behalf of the Painters' District Council No. 30 Health and Welfare Fund, | ) ) ) | |
| | ) | 08 CV 2522 |
| Plaintiff, | ) ) | Judge Zagel |
| vs. | ) ) | |
| CORY DERGANCE and THE LAW OFFICE OF PETER F. FERRACUTI, P.C., | ) ) | ) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, THE LAW OFFICE OF PETER F. FERRACUTI, P.C.'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

NOW COMES the Defendant, THE LAW OFFICE OF PETER F. FERRACUTI, P.C., by and through its attorney, Julie L. Ajster, and for said Motion to Dismiss, states as follows:

1. The Plaintiff filed a one count complaint specifically directed at neither defendant.
2. Said Complaint alleges a cause of action for breach of contract and asks for money damages.
3. The Plaintiff alleges that jurisdiction is pursuant to 29 U.S.C. section 1132 (a)(3), 1132(e)(1).
4. The Plaintiff alleges that venue and jurisdiction is proper in Federal Court because the Plaintiff is a self insured employee welfare benefit plan within the meaning of ERISA.
5. However, the cause of action against the Defendants is for breach of contract or personal contract liability and requests money damages. A cause of action for contract or personal contract liability is not an equitable remedy.
6. According to the United States Supreme Court in *Sereboff v. Mid Atlantic*, 407 F. 3d 212 *and Great West Life & Annuity Insurance Company v. Knudson*, 208 F.3d 221 a fiduciary under ERISA may bring suit against a participant if the relief sought is equitable under section 502(a)(3) if the ERISA Act.
7. In this case the Plaintiff filed suit against the Defendants claiming that under the Plan the Plaintiff is entitled to be reimbursed for monies paid for medical and disability benefits paid on behalf of Defendant Cory Dergance as a Plan participant.
8. The Plaintiff's Complaint alleges that the Plaintiff asked for reimbursement which was refused and said refusal violated the terms of the Plan.
9. The Plaintiff can state in the Complaint that this is an action in equity but what the Complaint sets forth a cause of action for breach of contract and personal contract

liability which is not a equitable cause of action.

10. The Plaintiff is alleging that there is this Plan wherein the Plaintiff is a fiduciary and Defendant Dergance is a participant.

11. The Plaintiff alleges he performed certain duties pursuant to the Plan, specifically, the Plaintiff paid Mr. Dergance's medical expenses and disability benefits.

12. The Plaintiff alleges that Mr. Dergance has not performed his duties as required under the Plan, specifically that he will not reimburse the Plaintiff.

13. The Complaint actually says that Defendant Dergance violated the terms of the Plan.

14. What is actually alleged in the Plaintiff's Complaint is that there is a contract which they identify as the Plan, that the Plaintiff performed is contractual duties under the Plan and that the Defendant Dergance has not performed his contractual duties under the Plan.

15. The Plaintiff's Complaint gives the appearance of being an action in equity by requesting a constructive trust, specific performance, and restitution but the Complaint actually a cause of action for breach of contract and personal contract liability against Mr. Dergance which is not an action in equity.

16. The ERISA Act only allows for equitable relief. The basis of the Plaintiff's Complaint is not that the Defendants hold particular funds that belong to the Plaintiff but that the Defendant is holding money which the Plaintiff is contractually entitled.

17. Paragraph 10 of the Plaintiff's Complaint states the Defendant under the Plan and/or contract is required to reimburse the Plaintiff for medical and disability benefits paid by the Plaintiff on behalf of the Defendant.

18. Paragraph 16 of the Plaintiff's Complaint states that the Defendant has refused to reimburse and thus has violated the terms of the Plan and/or contract.

19. The Plaintiff's Complaint is simply a complaint for breach of contract cloaked in the appearance of a complaint for equitable relief and enforcement of Plan terms.

WHEREFORE, the Defendant, the Law Office of Peter F. Ferracuti, P.C. respectfully requests that this Court dismiss the Plaintiff's cause of action with prejudice on the basis of lack of jurisdiction.

Respectfully submitted,

/s/ Julie L. Ajster
Attorney for Defendant Ferracuti

Julie L. Ajster
Law Office of Peter F. Ferracuti. P.C.
110 E. Main St.
Ottawa, IL 61350
(815) 434-3535