IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND<br><br>     Plaintiffs,<br>v.<br><br>CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C.,<br><br>     Defendants. | Case No. 08 CV 2522<br><br>Judge Zagel |

**PLAINTIFFS' RESPONSE TO DEFENDANT, THE LAW OFFICE OF PETER F. FERRACUTI, P.C.'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

  Plaintiffs, through counsel, hereby submit their Response to Defendant, The Law Office of Peter F. Ferracuti, P.C.'s Motion to Dismiss for Lack of Jurisdiction.

## BACKGROUND SUMMARY

  Defendant, The Law Office of Peter F. Ferracuti, P.C., ("Ferracuti") does not dispute that the Painters' District Council No. 30 Health and Welfare Fund ("Fund") is within the meaning of and governed by ERISA. As such, the Fund, through a Trustee, Charles E. Anderson, filed a claim for equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3) against Defendants. Plaintiffs identified specific funds recovered by Defendants from a third-party that are currently held in trust by Defendant Ferracuti and assert a constructive trust and equitable lien over such funds, in addition to the other equitable relief sought.

  The Fund paid medical and disability benefits on behalf of Defendant Dergance. Pursuant to the Painters' District Council No. 30 Health and Welfare Plan ("Plan"), the Fund is entitled to reimbursement for all amounts paid, unreduced by attorneys' fees or the Illinois Common Fund Doctrine, when Defendant Dergance recovered for his injuries from a third-party.

Defendant Dergance recovered $30,000 from Dollar General, Inc. for the injuries he suffered, medical treatment and disability benefits for which were paid by the Fund. The Fund claims entitlement to $14,365.13 of the money recovered from Dollar General, Inc., which is currently held in Defendant Ferracuti's trust account, as well as interest and attorneys' fees and costs, pursuant to ERISA 502(g)(1).

## LEGAL STANDARD

In considering Defendant's motion to dismiss, the Court "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the [P]laintiffs."[1]

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant Ferracuti's motion to dismiss is utterly without merit. Defendant Ferracuti has provided no factual or legal basis upon which the Court could conceivably base a dismissal. Defendant's factual allegations are unsupported and the only legal authorities cited by Defendant Ferracuti <u>support</u> Plaintiffs' claims.[2]

Defendant's nineteen point numbered list merely restates Plaintiffs' claims and asserts Defendant Ferracuti's attorney's unsupported opinion that Plaintiff ought to be seeking a breach of contract claim rather than ERISA remedies. In contrast, the United States Supreme Court in *Sereboff v. Mid Atlantic Medical Services, Inc.*,[3] cited by Defendant, expressly and unanimously resolved a circuit split in 2006 regarding whether ERISA health and welfare funds looking to enforce the subrogation provisions of their plans could do so by asserting an equitable lien and constructive trust over specific funds within the possession and control of the beneficiary and traceable from the beneficiary's recovery from a third-party. *Sereboff* unequivocally held that

---

[1] *Shawnee Trail Conservancy v. U.S. Dept. of Agriculture,* 222 F.3d 383 (C.A.7(Ill.) 2000)
[2] Inexplicably, Defendant points to two United States Supreme Court Cases, but cites to the 4th Cir. Court of Appeals decision in *Sereboff, infra.*, and provides an incorrect citation for *Great West, infra.*
[3] 547 U.S. 356 (2006)

such an action by an ERISA Fund is an appropriate equitable remedy under ERISA § 502(a)(3).[4]

Moreover, the Seventh Circuit Court of Appeals in *Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco*,[5] found that a plan participant's recovered funds placed in an account by her attorney were within the possession and control of the participant.[6, 7] Accordingly, the Court of Appeals in *Varco* explicitly states that "the reimbursement action by the [Plaintiffs] in this unique case is equitable because the funds the [Plaintiffs] seek[] to recover are identifiable, are in the control of [the D]efendant, and the [Plaintiffs are] right-fully entitled to the monies under the terms of the Plan. Because those elements are met here, the [Plaintiffs'] claim is equitable under § 502(a)(3)(B) of ERISA, and the district court properly exercised federal question subject matter jurisdiction under 28 U.S.C. § 1331."[8]

*Great West Life & Annuity Insurance Company v. Knudson*,[9] is discussed at length in *Sereboff & Varco* and is clearly distinguishable from this case. In *Great West*, the plaintiffs were unable to "impose a constructive trust or equitable lien on particular funds or property in the [defendants'] possession" because "the funds to which [plaintiffs] claimed an entitlement were not in [defendants'] possession, but had instead been placed in a "Special Needs Trust" under California law."[10] Here, it is undisputed that Plaintiffs have identified specific funds recovered from Dollar General and that the funds are held by Defendant Ferracuti on behalf of Defendant Dergance. Thus Plaintiffs may rightfully assert a constructive trust and equitable lien over these funds.

---

[4] *Id.* at 364.
[5] 338 F.3d 680 (C.A.7 (Ill.) 2003)
[6] *Id.* at 687.
[7] Note: *Sereboff* uses the term "beneficiary", and *Varco* uses "participant."
[8] *Id.* at 688.
[9] 534 U.S. 204 (2002)
[10] *Sereboff, Supra* at 1874.

**CONCLUSION**

Based on the foregoing, Plaintiffs' claims meet the standard to survive Defendant's ill-founded and deficient motion to dismiss.  Plaintiffs note that Defendant's motion was filed after the date set by the Court and Plaintiffs were imminently preparing to file a third motion for default.  Also, Plaintiffs would be remiss not to point out that they have waited approximately three months for any answer or responsive pleading and believe that Defendant's motion is just the latest dilatory tactic employed to baselessly and needlessly frustrate Plaintiffs' claims and force them to incur attorneys' fees and costs.  Plaintiffs respectfully request that Defendant's motion to dismiss be denied.

                Respectfully submitted,

                /s/  M. Garrett Hohimer
                One of Plaintiffs' Attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 372-1646

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2008, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT, THE LAW OFFICE OF PETER F. FERRACUTI, P.C.'S MOTION TO DISMISS FOR LACK OF JURISDICTION with the Clerk of the court using the CM/ECF system, which shall provide notification by email of such filing to:

Julie Lynn Ajster

And further certify that on August 26, 2008, I provided notification of such filing by Certified U.S. Mail Return Receipt requested to:

Cory Dergance
145 9th St.
LaSalle, IL 61301

                                                      M. Garrett Hohimer