# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND,

  Plaintiff,

  v.

CORY DERGANCE and THE LAW OFFICES OF PETER FERRACUTI, P.C.,

  Defendants.

No. 08 C 2522
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**I. Background**

On February 18, 2007, Defendant Cory Dergance sustained an injury at a Dollar General Store ("Dollar General"), which resulted in the payment of medical and disability benefits from the Painters' District Council No. 30 Health and Welfare Plan (the "Plan"), administered by Plaintiff Painters' District Council No. 30 Health and Welfare Fund (the "Fund"), an ERISA multiemployer. On February 25, 2008, Dergance settled his claim with Dollar General for $30,000. Pursuant to the terms of the Plan, the Fund now moves for summary judgment, seeking repayment of the $14,365.13 in benefits paid to Dergance. Defendant Law Offices of Peter Ferracuti ("Ferracuti") responded to Plaintiff's motion for summary judgment.[1] Defendant

---

[1] Defendant Ferracuti represented Dergance in his negligence/products liability claim against Dollar General. Ferracuti secured a $30,000 settlement for Dergance in that case, at least $14,365.13 of which is now being held in Ferracuti's trust account.

Dergance failed to respond. For the following reasons, Plaintiff's Motion for summary judgment is granted.

## II. Standard of Review

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). I will accept the nonmoving party's version of any

disputed fact only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

**III. Statement of Relevant Facts[2]**

On February 18, 2007, Dergance injured himself at a Dollar General Store when he cut his right hand on a glass jar. An ambulance transported Dergance to the Illinois Valley Community Hospital in Peru, Illinois, where he received medical treatment for his injury.

Dergance was an "Eligible Individual" covered under the Painters' District Council No. 30 Health and Welfare Plan, which is administered by Plaintiff Painters' District Council No. 30 Health and Welfare Fund. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. §1002(1), which controls how and whether benefits are paid by the Fund. The Fund through the Plan provides Eligible Individuals with benefits, including medical care and weekly disability payments. On behalf of Dergance, the Plan paid $6,602.29 for medical benefits resulting from Dergance's injury between February 18, 2007 and July 13, 2007

---

[2] Neither Dergance nor Ferracuti responded to Plaintiff's Local Rule ("L.R.") 56.1 statement of facts. "All parties before th[e] court are bound by the Local Rules of the United States District Court for the Northern District of Illinois. Local Rule 56.1(b) dictates what a party opposing a motion for summary judgment must do." *Peterson v. Euromarket Designs, Inc.*, No. 04-7685, 2006 WL 3486817, at *2 (N.D. Ill. Dec. 1, 2006). Moreover, L.R. 56.1(b) provides that "[a]ll material facts set forth in the statement required by the moving party will be deemed admitted, unless controverted by the statement[s] of the opposing part[ies]." *Id.* at *3 (citing L.R. 56.1(b)). Dergance's "*pro se* status does not relieve him of the burdens of this court's procedural requirements." *Id.* Although courts have given leeway to pro se parties when a party falters on details, when a pro se non-movant is served with a L.R. 56.2 notice of L.R. 56.1 requirements, as Dergance was, courts are "not obliged in our adversary system to scour the record looking for factual disputes." *Id.* (quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994). Therefore, I deem the Funds' statement of facts admitted. *See Wroble v. Lockformer Co.*, No. 02-4492, 2006 WL 695254, at *1 (N.D. Ill. Mar. 17, 2006) (citing *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted.").

3

and $8,057.14 in weekly disability benefit payments between February 18, 2007 and July 8, 2007.

On August 2, 2007, the Fund received notice from Ferracuti that Dergance was seeking recovery for his injury from Dollar General and Ferracuti requested the Fund provide the amount of its "subrogation lien." That same day, the Fund provided Ferracuti with a lien amount of $12,096.73, including $4,039.59 in medical and $8,057.14 in weekly disability benefits, the amount paid by the Plan as of that date.

On February 22, 2008, the Fund provided Ferracuti with an updated lien amount of $14,365.13, including $6,307.99 in medical and $8,057.14 in weekly disability benefits. On February 25, 2008, the Fund received notice that Dergance settled with Dollar General for $30,000. That same day, Ferracuti acknowledged receipt of the Fund's lien of $14,365.13. Ferracuti now holds $14,365.13 of Dergance's $30,000 recovery in Ferracuti's trust account. Plan terms provide for reimbursement for all amounts paid to or on behalf of Dergance, which includes the settlement amount from Dollar General.

## IV. Discussion

The Fund's summary judgment motion is based on the assertion that the Fund is entitled to reimbursement for benefits paid to Dergance once he settled with Dollar General. Plan §2.17(b)(1) provides:

> In the event that benefits are paid by the Plan to or on behalf of an Eligible Individual . . . and such Eligible Individual recovers or is entitled to recover from another source all . . . benefits from another source shall become the Plan's and the Plan shall be entitled to reimbursement of such payments in full, but not more than the amount actually recovered from such other source.

4

Ferracuti asserts a three-pronged response to the Fund's motion: (1) the Fund's action is one for breach of contract and not a claim for equitable relief; (2) the amount of reimbursement the Fund seeks for medical benefits is inaccurate; and (3) Ferracuti is only a nominal party and should not be liable for any reimbursement.[3]

First, the claim for reimbursement is properly brought as a claim for equitable relief in accordance with both ERISA and the terms of the Plan. *See Sereboff v. Mid Atl. Med. Servs, Inc.*, 547 U.S. 356 (2006) (providing that an ERISA fund was entitled to recover on an equitable relief claim because it sought to recover specifically identifiable funds under ERISA §502(a)(3)); *Admin. Comm. of the Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco*, 338 F.3d 680, 688 (7th Cir. 2003) (same).

Citing to Plan section 2.17(b)(5), Ferracuti argues that a subrogation/agreement to repay document had to have been executed in order for the Fund to seek reimbursement. Ferracuti says that no such document was ever created or signed by Dergance. However, section 2.17(b)(5) of the Plan states that "the Eligible Individual's entitlement to benefits from the Plan shall be further conditioned upon the execution" of a subrogation/agreement to repay. The clear language indicates that the execution of the agreement enables an Eligible Individual to seek the benefits to which he is entitled, i.e., the benefits are conditioned upon the execution of the agreement. The section does not indicate that reimbursement is conditioned upon the execution of the agreement. In addition, section 2.17(b)(6) provides that "[n]o benefits shall be payable by the Fund if an Eligible Individual . . . fails to execute a subrogation/agreement to repay." These sections,

---

[3] Ferracuti used the word "necessary," but it is obvious that the word "nominal" is what was meant.

including the need for a signature, are explicitly in addition to the Plan provision upon which the Fund relies. According to section 2.17(b)(4), "[n]otwithstanding any other provisions of this Plan, and in addition to such rights of recovery or offset, the Plan shall have a lien, enforceable as a provision of this plan . . . for the full amount due to the Plan." Dergance received his benefits under the Plan. Neither he nor Ferracuti may now use Plan provisions that are intended to ensure that Eligible Individuals receive their benefits in order to preclude the Fund from recovering the reimbursement to which it is entitled. This is not the type of protection envisioned by the Plan's clear language.

With regard to the accuracy of the reimbursement amount for medical benefits and disability benefits, Ferracuti relies on a letter from Dergance's doctor that separates charges related to Dergance's injury at Dollar General from those related to a separate condition that was treated at the same time (a carpal tunnel release). Ferracuti cannot rely on the letter, as it is not only unsupported by affidavit, but also its contents were not presented in a L.R. 56.1 statement of facts. Even if I were to rely on the letter as evidence, by the doctor's own admission, "it is difficult to separate the charges attributable to the carpal tunnel release from those that were incurred as a direct result of the laceration." I have deemed the Funds' stated reimbursement amounts as accurate.

Finally, Ferracuti is liable for reimbursement because it is in possession of at least $14,365.13 of Dergance's recovery. Ferracuti is not merely a nominal defendant, but rather a necessary party, who will be "affected by the judgment [of the court] and against [whom] it will in fact operate." *West Coast Exploration Co. v. McKay,* 213 F.2d 582, 592 (C.A.D.C., 1954).

6

The law firm is subject to suit because it hold funds which are subject to the Fund's equitable lien.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment is granted. Judgment is entered against Defendants Dergance and Ferracuti, jointly and severally, in the amount of $14,365.13.

ENTER:

James B. Zagel
United States District Judge

DATE: June 18, 2009