# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND<br><br>Plaintiff,<br><br>v.<br><br>CORY DERGANCE and THE LAW OFFICES OF PETER F. FERRACUTI, P.C.<br><br>Defendant. | No. 08 cv 2522<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On June 18, 2009, I granted Plaintiff Painters' District Council No. 30 Heath and Welfare Fund's, motion for summary judgement. Plaintiff now moves for an award of attorneys' fees and non-taxable expenses in an amount to be determined pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.3. For the following reasons, Plaintiff's motion for attorneys' fees and related non-taxable expenses is granted in part and denied in part.

### II. STANDARD OF REVIEW

ERISA grants this court the discretion to award reasonable attorneys' fees to either party. 29 U.S.C. § 1132(g)(1). The Seventh Circuit has recognized two tests for determining whether an award of attorneys' fees to a prevailing party is appropriate. *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998). The first test examines whether the losing

party's position was "substantially justified." *Id*. (citation omitted). Under this test, attorneys' fees can be denied if the opponent's position "was both 'substantially justified'- meaning something more than non-frivolous, but something less than meritorious- and taken in good faith, or if special circumstances make an award unjust." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001). The second test requires the examination of five factors: "(1) the degree of the offending party's culpability or bad faith; (2) the degree of the offending party's ability to satisfy an award of attorney's fees; (3) the degree to which such an award would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on all the plan members; and (5) the relative merits of the parties' positions." *Quinn*, 161 F.3d 472, 478. Both tests answer the same basic question: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id*. The absence of good faith does not require a subjective finding of bad faith, but rather describes "a party who pursues a position without a solid basis." *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1405 (7th Cir. 1992).

## III. ANALYSIS

### A. Defendant Cory Dergance

Plaintiff argues that Defendants filed frivolous motions that were not substantially justified and took positions in this case that were intended to perpetuate the dispute and harass the Plaintiff. However, Plaintiff fails to cite any evidence of such conduct by Defendant Cory Dergance (Dergance). In fact, all of Plaintiff's arguments in support of this motion refer directly to the actions of Defendant, The Law Offices of Peter F. Ferracuti, P.C. (Ferracuti). Although

Dergance, appearing *pro se*, answered Plaintiff's complaint, he did not respond to

2

Plaintiff's motion for summary judgement, Plaintiffs' motion for attorneys' fees and related non-taxable expenses or co-defendant's motion to dismiss. The last and only filing Dergance made in this matter was his December 18, 2008 answer. Plaintiff puts forth no evidence that Dergance adopted a position that was substantially unjustified or intended to harass the Plaintiff. Moreover, Plaintiff fails to assert that Dergance adopted any position whatsoever. For this reason, Plaintiff's motion for attorney's fees and related non-taxable expenses is denied as to Defendant Cory Dergance.

**B. Defendant The Law Offices of Peter F. Ferracuti, P.C.**

Plaintiff's motion argues that Ferracuti pursued an unsubstantiated position. Under neither the substantial justification test, nor the five factor test, was Ferracuti's position substantially justified.

Both Ferracuti's motion to dismiss for lack of jurisdiction and Ferracuti's response to plaintiff's motion for summary judgment lacked a solid legal basis. In Ferracuti's motion to dismiss and its accompanying addendum, Ferracuti asserted that Plaintiff's claim should be pursued as a breach of contract claim in state court. Therefore, Ferracuti argues, ERISA did not apply and this court lacked jurisdiction. However, Ferracuti failed to provide legal support for this claim. Again, in Ferracuti's response to plaintiff's motion for summary judgement, Ferracuti made unsubstantiated arguments. For example, while Ferracuti disputed the accuracy of the reimbursement amount for medical benefits and disability benefits, the only piece of evidence offered to prove these contentions was a letter unsupported by an affidavit, whose contents were not presented in a L.R. 56.1 statement of facts. Although Ferracuti maintains that its positions were valid, no evidence or legal authority was offered in support of these arguments, rendering

them unjustified and made in bad faith as defined by *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.*

Defendant argues that special circumstances make an award of attorneys' fees unjust; however, Ferracuti again fails to provide the court with justification. Although Ferracuti notes that forcing Dergance to pay attorneys' fees would be unjust because Dergance is financially unable to pay, no evidence is supplied to support this proposition.[1] Additionally, Ferracuti argues that holding it accountable for attorney's fees is unjust, yet fails to articulate a legal argument to support this claim.

Even under the five factor test, Plaintiff prevails on its motion for attorneys' fees. Factors one and five address the issues of substantial justification and good faith which I have addressed above. Those factors weigh in favor of awarding fees. Factor two is the ability for the party to satisfy the attorneys fees. No evidence has been presented by Ferracuti to dispute its ability to satisfy such an award, therefore factor two weighs in favor of awarding fees. Factor three is the deterrent effect of such an award, and its weight is neutral. Although there might be a slight deterrant effect as to atttorneys asserting frivolous positions in an attempt to reduce or avoid repayment, the small amounts involved in this dispute and the numerous plan beneficiaries seeking representation will likely mitigate any impact. Finally, factor four, the amount of benefit conferred on members of the plan as a whole does weigh in favor of awarding fees. As Plaintiff notes, all plan participants benefit if the Fund is able to recover the expenses incurred during litigation. The balance of these five factors weigh in favor of awarding attorneys fees to Plaintiff.

---

[1] As noted above, Dergance is a *pro se* defendant who did not respond to this motion.

Plaintiff has requested costs and attorneys' fees in an amount to be determined pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.3. The Federal Rule requires the moving party to "state the amount or provide a fair estimate of the amount sought." Fed. R. Civ. P. 54(d)(2)(B). The Federal Rules also defer to local rules for any special procedures for issues relating to attorneys' fees. *Id*. Local Rule 54.3(d) requires the parties to "confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." Local R. 54.3(d). The Local Rules further require that the movant provide the respondent with time and work records, hourly rates, and nontaxable expenses "within 21 days of the judgment or settlement agreement upon which the motion is based, unless the court sets a different schedule." *Id*. at 54.3(d)(4). I instruct the parties to follow the guidelines set forth in Local Rule 54.3 and to report back to this court withing 21 days of the day this order is issued.

For the foregoing reasons, Plaintiff's motion for attorneys' fees and related non-taxable expenses is denied as to Defendant Cory Dergance and granted as to Defendant The Law Offices of Peter F. Ferracuti, P.C. The parties are ordered to proceed according to Local Rule 54.3.

ENTER:

James B. Zagel
United States District Judge

DATE: September 22, 2009